**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Harbans Singh LNU,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-10486-PHX-LLP

**ORDER**

Petitioner Harbans Singh LNU filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleges he entered the United States in 2023, was briefly detained, and then released. (*Id.* at 7.) In approximately November 2026, Petitioner was again detained and has been held ever since without a bond hearing. (*Id.* at 8.) As such, Petitioner alleges the re-detention violates his Fifth Amendment rights and seeks release on the same conditions as before and an injunction against his re-detention without a pre-deprivation hearing where the Government bears the burden of proof. (*Id.* at 23–35.)

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.) In the Response, Respondents state: "Respondents do not oppose the habeas petition or Petitioner's requested relief for release from custody." (Doc. 8.) The Court accepts this concession as non-opposition to granting the Petition.

///

///

Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as to his request for release from custody. (Doc. 1.) The remainder of the Petition is denied as moot.

(2) Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without **seven (7) days** prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(5) Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of November, 2026.

Honorable Lori L. Price
United States Magistrate Judge